## EVANS E. MOWRY *vs.* JAMES HILL.

A. in the employ of B., and hired by the day, worked continuously on C.'s house from November 12 to December 10. December 25 A. served notice on C. that he should claim a mechanic's lien on the house. The statut provided that no one employed as A. was should have such a lien unless he "shall, within thirty days after commencing the work, give notice in writing to the person against whose estate or title he claims a lien that he has commenced the work, and that he shall claim the benefit of the lien."

*Held,* that A. was not entitled to a lien: the notice of December 25 not being given within thirty days after he commenced the work.

*Held,* further, that A.'s being hired by the day was immaterial.

PETITION for the enforcement of a mechanic's lien.

*May* 20, 1884. DURFEE, C. J. This is a petition for the enforcement of a mechanic's lien, preferred by an employee of the contractor, who agreed with the respondent as owner to build the house on which the lien is claimed. The petitioner was hired by the day to do any carpenter's work to which he might be assigned. He worked on the house at different times, working continuously, the last time from about November 12, 1883, to December 10, 1883. The statute provides that no person, employed as the

petitioner was to work for the contractor, shall have any lien for his work, unless he " shall, within thirty days after commencing the work, give notice in writing to the person against whose estate or title he claims a lien, that he has commenced the work and that he shall claim the benefit of the lien." [1] The petitioner gave the respondent notice that he should claim the lien on December 25, 1883. He claims a lien for $27.50 for eleven days' work, being work done during the eleven working days next before December 10, 1883. The respondent objects that the notice was not given within thirty days after the work was commenced. The petitioner replies that, being hired by the day and from day to day, he commenced work anew every day, and that he is therefore entitled to the lien for the eleven days included in his claim.

We think the petitioner did not give his notice within thirty days after commencing the work, within the meaning of the statute. He commenced the work, the last time he worked on the house, November 12, and did not give the notice until December 25, forty three days afterwards. The fact that he was hired by the day and might have been dismissed at the end of any day does not, in our opinion, make any difference ; for he did not leave and was not dismissed, but went steadily on with the work without interruption from November 12, when he begun, until December 10, when he ended. If we were to hold that for a workman hired by the day the work begins and ends every day, we should also have to hold that his notice of lien could only avail for work previously performed, for according to the statute the notice is to be given *after* commencing the work. We do not think that such a construction has ever been given in practice, or that it is in accord with the intent of the statute.                *Petition dismissed.*

*Simon S. Lapham*, for petitioner.
*Edward D. Bassett*, for respondent.

---

[1] Pub. Stat. R. I. cap. 177, § 6.